UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOURDES BARBOSA,

      Plaintiff,

v.                                                                    Case No. 8:23-cv-1717-WFJ-CPT

AMAZON AIR KLAL,
RUSSELL WHITFIELD, JAMIE
HAN, and JESS HAMMOND,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Before me on referral is pro se Plaintiff Lourdes Barbosa's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed *in forma pauperis* (IFP Motion).  Also before me is Barbosa's complaint. (Doc. 1).  For the reasons discussed below, I respectfully recommend that Barbosa's IFP Motion be denied without prejudice and that her complaint be dismissed with leave to amend.

I.

This action stems from Barbosa's employment with Defendant Amazon Air KLAL (Amazon) in 2022 and 2023.  (Doc. 1).  While not entirely clear, Barbosa appears to aver in her complaint that during her tenure at Amazon, she suffered from

"arthritis" and a "mobility"-related disability for which she required a chair but that she was never able to avail herself of this accommodation because "the chair was not allowed in [her] department." *Id.* Barbosa also alleges that she experienced various "threats[ ] and intimidation" at Amazon due to her disability and that although she reported this alleged misconduct to a "superior," Defendant Russell Whitfield, "[n]o investigation was conducted." *Id.* Barbosa seemingly further asserts that she was thereafter denied a request to work for another "team/department" within Amazon even though "[e]very manager" on her "shift" had previously been permitted to "transfer[ ] to different departments." *Id.*

According to Barbosa, she raised her concerns with human resources about, among other things, being exposed to an "escalating hostile work environment" and "not being allowed to use [her] accommodations" but that she was later informed her case had been closed, presumably without any action. *Id.* Barbosa appears to aver as well that she subsequently sought a transfer for medical reasons but that she was eventually advised she would be placed on "PIP"[1] before being terminated by Amazon roughly two months later, in June 2023. *Id.*

Based upon these allegations, Barbosa asserts claims for sex, age, and disability discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA), respectively. The specific employment actions Barbosa challenges in her

---

[1] Barbosa does not define PIP, but I assume it to mean "performance improvement plan."

complaint include the Defendants' "termination of [her] employment," their "failure to promote [her]," their "failure to accommodate [her] disability," the "unequal terms and conditions of [her] employment" to which she was allegedly subjected, the "retaliation" she purportedly experienced, and the lack of any women over the age fifty in the "Area Manager" position." *Id.* For relief, Barbosa seeks, *inter alia*, front and back pay, "lost benefits," reinstatement, and punitive damages. *Id.*

With respect to her claim of indigency, Barbosa represents in her IFP Motion that she is currently out of work, that she receives roughly $2,500 per month in unemployment and disability payments, and that she incurs approximately $3,675 per month in expenses. (Doc. 2). Barbosa also attests that that she owns a 2019 Jeep Cherokee worth $7,000 and that she has slightly more than $1,000 in cash on hand. *Id.*

## II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). Although such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for

3

[herself] and [her] dependents." *Id.* at 1307 (citation and internal quotation marks omitted).  In determining whether a litigant is indigent, "courts will generally look to whether [she] is employed, [her] annual salary, and any other property or assets [she] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed *in forma pauperis* is filed, the district court must also review and dismiss the case *sua sponte* if it determines the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure provide that a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted).

In evaluating a complaint under this standard, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted).  A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while *pro se* pleadings are to be construed liberally, courts are not to "act as de facto counsel" for pro se litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

Irrespective of whether Barbosa qualifies as indigent for purposes of section 1915, her complaint is subject to dismissal because—at a minimum—it does not comply with the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10.

Rule 8 requires, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

5

Barbosa's complaint does not meet these pleading standards here.  To begin, her factual averments are too vague and conclusory to satisfy Rule 8.  *Iqbal*, 556 U.S. at 677–78 (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted); *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam)[2] ("Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader.") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).  By way of example, despite averring she was discriminated against on the basis of her sex, age, and disability, Barbosa does not describe with sufficient particularity the unlawful conduct the Defendants supposedly committed.  (Doc. 1).  Barbosa also does not "specify[ ] which of the [D]efendants are responsible for which acts or omissions," and which of the Defendants are the subject of which claim.[3]  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted); *see also Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015) (per curiam) ("If the complaint indiscriminately groups the defendants together, it fails to comply with the minimum standard of Rule 8.").  In addition to these infirmities, Barbosa fails to separate each cause of action or claim for relief into different counts, and for each count, to identify in separately numbered paragraphs the pertinent facts that support each cause of action.  *See*

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

[3] Indeed, Barbosa only explicitly mentions one Defendant in her factual averments, Russell Whitfield. *See* (Doc. 1).

*Weiland*, 792 F.3d at 1322–23; *see also Gabriel v. Windy Hill Foliage Inc.*, 2022 WL 2288687, at *2 (11th Cir. June 24, 2022) (criticizing complaints that do "not separat[e] into a different count each cause of action or claim for relief") (internal quotation marks and citation omitted); *Reddick v. DeSantis*, 2023 WL 2872483, at *3 (M.D. Fla. Mar. 22, 2023) (deeming a complaint to be deficient in part because it "fail[ed] to separate into a different count each cause of action or claim for relief") (citations omitted).

Viewed singularly or in combination, these defects deprive both the Defendants and the Court of "fair notice" regarding the nature of the claim(s) brought against the Defendants and the "grounds" upon which they are predicated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007); *see also Weiland*, 792 F.3d at 1323 (observing that the "[t]he unifying characteristic" of complaints that fail to adhere to the requirements of Rules 8 and/or 10 "is that they fail to one degree or another, and in one way or another, to give defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The fact that Barbosa is proceeding *pro se* does not excuse her failure to comply with the basic pleading requirements imposed by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Notwithstanding the above pleading issues, I believe the Court should dismiss Barbosa's complaint without prejudice and with leave to amend, so that Barbosa has an opportunity to correct these problems.  *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one opportunity to amend [her] complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)).  If Barbosa wishes to file a revised complaint, however, I encourage her to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so.  Barbosa may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.

In addition, Barbosa may review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide For Proceeding Without a Lawyer."  The Court's website also contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for federal court litigants to use.

## IV.

For the reasons set forth above, I respectfully recommend that the Court:

1.  Deny Barbosa's IFP Motion (Doc. 2) without prejudice;

2.  Dismiss Barbosa's complaint (Doc. 1) without prejudice;

3.     Grant Barbosa leave to file, within thirty (30) days of the Court's Order, an amended complaint that adequately pleads one or more cognizable causes of action over which the Court has jurisdiction; and

4.     Caution Barbosa that a failure to abide by this directive may result in the dismissal of her case without further notice.

Respectfully submitted this 15th day of January 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
Counsel of record